Clement E. HANNUM and Edna M. HANNUM,
Husband and Wife *v.* BELLA VISTA VILLAGE
PROPERTY OWNERS ASSOCIATION et al

80-270 611 S.W. 2d 756

Supreme Court of Arkansas
Opinion delivered February 23, 1981

*J. L. Hendren*, for appellants.

*Little, McCollum & Mixon* and *Gocio & Dossey*, for appellees.

ROBERT H. DUDLEY, Justice. The appellants are property owners in Bella Vista Village. The appellees are the Bella Vista Property Owners Association and the members of its board of directors, who control the use of the common properties and facilities of the village, such as the country club, golf courses, tennis courts and lakes. The appellants filed this suit contending that appellees have prevented them from leasing to others an easement of enjoyment in the

common properties and seeking a judgment declaring they can validly lease these interests. The lower court held that the easement in the common properties can only be used by the record owner of a fee interest in a lot or living unit or by one purchasing under a contract with the developers. We affirm.

Article VIII, Section 1, of the Declaration and Protective Covenants of the Association determines who has the right of enjoyment to the common properties:

> Members' and Associate Members' Easement of Enjoyment Subject to the provisions of Article IV hereof and Section 3 of this Article VIII, every member and associate member, so long as the associate membership shall continue, shall have a right and easement of enjoyment in and to the Common Properties and such easement shall be appurtenant to and shall pass with the title to every Lot or Living Unit.

Other provisions describe a member as the developer or a record owner of a fee interest, and an associate member as one purchasing under a contract with the developer.

A lessee of a vacant lot, home or living unit is the holder of a leasehold interest only and is neither a developer nor the record owner of a fee interest nor a purchaser under contract with the developer. A lease will not transfer the right and easement of enjoyment to the common properties as provided by the above cited section of the Declaration and Protective Covenants.

The paragraph quoted above recites that the right of a member of the Association to use the common facilities is an "easement of enjoyment" and is "appurtenant to and shall pass with the title to every lot." Appellants contend that this language demonstrates that the easement was not intended to be a personal right of the fee owner, but rather is to be treated as an appurtenant easement. From that we are asked to deduce that easements cannot be separated from the land, that one entitled to rightful possession may use an appurtenance thereto, that when land is leased, appurtenances go

with it, and therefore the owner can lease the use of the common properties.

The appellants' contentions are supported by authorities dealing with a right-of-way easement for ingress across an adjoining lot. Rules concerning that type of appurtenant easements are not applicable. Here we are dealing with the right of a member or associate member to use a golf course, a tennis court, a swimming pool, a lake, a restaurant or a club house. This right is defined in the Declaration as being determined by title.

No restraint on alienation was created. Appellants may lease their lots or house to anyone of their choice. That lease, however, will not pass the right of entry to the common properties.

Affirmed.